IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARIUS NIGEL SAULS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0015 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging three prison disciplinary proceedings and the resultant loss of 45, 30 and 45 days of previously accrued good time credits. The disciplinary proceedings took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated at the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his application, petitioner contends he is eligible for mandatory supervised release and that he lost previously earned good time credits.

Petitioner did not provide his underlying conviction information but according to Texas

Department of Criminal Justice records, petitioner is currently in respondent's custody pursuant to a conviction for the offense of burglary of a building and a conviction for the offense of aggravated assault on a public servant. Both offenses appear to have occurred August 8, 1999 and petitioner was sentenced for both offenses on March 22, 2000, receiving an 8-year and a 20-year sentence respectively. It further appears petitioner is serving these sentences concurrently, and that while petitioner may be eligible for mandatory supervised release on his 8-year sentence for his burglary of a building conviction, petitioner is <u>not</u> eligible for mandatory supervised release on his 20-year sentence for the aggravated assault on a public servant conviction. (On the date petitioner committed the offense, *i.e.*, August 8, 1999, a prisoner serving a sentence for aggravated assault on a public servant could not be released to mandatory supervision. Tex. Gov't Code Ann. § 508.149(a)(6) (Vernon 1997)). Inquiry to the Records Division of the Texas Department of Criminal Justice, Correctional Institutions Division, reveals petitioner's projected release date on his convictions to be the same date, August 8, 2019. Assuming *arguendo*, petitioner obtained an earlier release date on the burglary of a building charge, his release on that sentence, even if to mandatory supervision, would not result in his earlier release from confinement since petitioner would still be incarcerated on the non-mandatory supervision 20-year sentence for his aggravated assault conviction. Since reinstatement of any previously accrued good time forfeited as a result of the disciplinary proceedings would not automatically entitle petitioner to accelerated release from confinement, petitioner has no liberty interest at issue in this case. Petitioner is not entitled to any federal habeas corpus relief.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DARIUS

NIGEL SAULS be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of February 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).